MURNAGHAN, Circuit Judge,
dissenting:
I feel compelled to dissent on the majority’s determination of no liability. That represents a reversal of the conclusion of the district court based on the jury’s finding. Yet a jury’s verdict should be respected when reasonable. Since adequately supported by the evidence, the verdict here was reasonable.
The issue of credibility of the witnesses is not for us. See Abasiekong v. City of Shelby, 744 F.2d 1055, 1059 (4th Cir.1984). DeJarnette, as the non-moving party, was entitled to the benefit of “every legitimate inference” in her favor. Duke v. Uniroyal, Inc., 928 F.2d 1413, 1419 (4th Cir.), cert. denied, 502 U.S. 963, 112 S.Ct. 429, 116 L.Ed.2d 449 (1991). That is especially trae where determinations of motive and causation are critical. Taylor v. Home Ins. Co., 777 F.2d 849, 854 (4th Cir.1985), cert. denied, 476 U.S. 1142, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). Here DeJarnette presented sufficient circumstantial evidence involving credibility of witnesses to necessitate submission to the jury.
Reliance sua sponte by the majority on Proud v. Stone, 945 F.2d 796, 797 (4th Cir.1991), for the proposition that hiring and firing by the same individual constitutes an inference of non-discrimination is not justified. Schrock did the hiring, Breznay the firing. Also, Coming’s attempt to rely on DeJarnette’s supposed poor attitude, lack of enthusiasm and poor use of slack time, the existence of which were questioned by fellow employees, is “always suspect” because it provides a convenient mask for discrimination. Barnett v. W.T. Grant Co., 518 F.2d 543, 550 (4th Cir.1975). Such subjective evidence, particularly in the complete absence of objective evidence from the employer, was vague and intangible, which may have occasioned substantial disparagement by the jury. That is especially true in view of the uncontroverted evidence of DeJamette’s speed and accuracy as an inspector-packer.
Although DeJarnette’s allegedly poor technical performance was pervasive in her job evaluations, that attempt to justify her termination was abandoned by the time the case was tried. Supervisors Bardo and Breznay both testified that technical performance was “never an issue.” Corning in the end asserted only “the intangible things.” See Hossaini v. Western Missouri Med. Ctr., 97 F.3d 1085, 1089 (8th Cir.1996) (“[Substantial changes over time in the employer’s proffered reason for its employment decision support a finding of pretext.”).
The majority’s opinion does not address the fact that Coming’s justifications changed over time, nor is any attempt made to explain why such change could not support a reasonable finding of pretext. “[Rejection of the defendant’s proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination____” St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).
Coming’s knowledge of DeJarnette’s pregnancy existed at all relevant times, and Corning admitted that DeJarnette was more technically proficient than many of her coworkers. Hence there was enough to sup *301 port the jury’s verdict of liability.*

 Given the majority's unwarranted decision to reverse the jury’s finding of liability, it seems unnecessary to address other issues that may have been raised, though I do not disagree with the disallowance of back pay or of punitive damages.